**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

OLASEGUN OJOMO,             )
                                              )
                Movant,           )
                                                )      IP 01-109-CR
      vs.                               )      1:10-cv-413-WTL-TAB
                                                )
UNITED STATES OF AMERICA.      )

**Entry Discussing Motion for Relief Pursuant to**
**28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The motion of Olasegun O. Ojomo for relief pursuant to 28 U.S.C. § 2255 fails this test and the action must therefore be dismissed. This conclusion rests on the following facts and circumstances:

1.  Ojomo was convicted after trial by jury of mail fraud, a violation of 18 U.S.C. Section 341. His offense occurred in the course of a scheme to secure student loans with false information. His conviction was affirmed on appeal in *United States v. Ojomo,* 332 F.3d 485 (7th Cir. 2003).

2.  Ojomo then filed an action for relief pursuant to 28 U.S.C. § 2255. The § 2255 action was docketed as No. 1:03-cv-1156-JDT-TAB and was dismissed with prejudice on April 14, 2004. Both this court and the court of appeals declined to issue a certificate of appealability.

3.  Ojomo recently filed a motion to reopen and reconsider in the closed § 2255 action based on claims that his conviction is based on perjured evidence and selective prosecution and that he received ineffective assistance of trial and appellate counsel. These are echoes of precisely the claims already considered and rejected and do not challenge the prior § 2255 proceeding but challenge the underlying prosecution and trial.

4.      The disposition in No. 1:03-cv-1156-JDT-TAB was based on the determination that Ojomo's § 2255 claims lacked merit. As concluded in the Entry discussing those claims, "[Ojomo] has failed to demonstrate a constitutional violation warranting collateral relief." Accordingly, that disposition was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

5.      When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

6.      With the prior § 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Ojomo has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

   **IT IS SO ORDERED**.

Date: 04/14/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana